**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| BALTIMORE NEIGHBORHOODS, INC., <br> 2530 N. Charles St., Suite 200 <br> Baltimore MD 21218, <br><br> Plaintiff, <br><br> v. <br><br> A & G MANAGEMENT CO., INC., <br> 944 Equitable Building <br> Calvert & Fayette Streets <br> Baltimore, MD 21202 <br>       Serve: Ned S. Kodeck, Esquire <br>              Eight Reservoir Circle <br>              Suite 203 <br>              Baltimore, MD 21208, <br><br>       and <br><br> ATTMAN PROPERTIES CO., INC., <br> 7779 New York Lane <br> Glen Burnie, MD 21061 <br>       Serve: Gary L. Attman <br>              233 East Redwood St. <br>              Baltimore, MD 21202, <br><br>       Defendants. | * <br><br> * <br><br> * <br><br> *    Civil Action No. _____ <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * <br><br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

Plaintiff Baltimore Neighborhoods, Inc., hereby brings suit against defendants A & G Management Co., Inc., and Attman Properties Co., Inc., and asserts:

1.     Pursuant to the nation's fair housing laws, plaintiff challenges the practices of A & G Management Co., Inc., and Attman Properties Co., Inc., the manager and the owner of the Anne Arundel County apartment complex known as The Islands of Fox Chase. Defendants are

engaged in the practice of denying housing to families with children by, *inter alia*, operating a facility that encourages adults (those 21 and over) to reside at the apartments, thereby undermining its "senior housing" status.

## Jurisdiction

2. Subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. §3613 (Fair Housing Act).

## The Parties

3. Plaintiff BNI, a not-for-profit Maryland corporation, located at 2530 N. Charles St., Suite 200, Baltimore, MD 21218, is a membership organization founded in 1959. Its members reside throughout the central Maryland metropolitan area.

4. One of BNI's primary purposes is the promotion of equal housing opportunities for all people in the Baltimore metropolitan area. Its goals include the elimination of unlawful discriminatory housing practices that cause injury to its members and to all persons who seek to rent or buy housing units in Maryland

5. BNI undertakes numerous programs and activities to assure to all such persons, including children, a fair and open housing market and the enjoyment of the social, educational, professional, business, economic and political benefits of an open housing market. Among other things, BNI:

>   (a)   assists and aids individuals through counseling, referrals and other such services to obtain equal access to housing throughout the Baltimore metropolitan area without regard to race, color, religion, national origin, handicap, sex, or familial status;
>
>   (b)   receives and investigates allegations of housing discrimination;

        (c)    conducts tests of the sale and rental of housing to determine whether equal treatment of children and others is provided, and actively monitors and investigates discriminatory housing practices;

        (d)    takes steps to counteract and eliminate discriminatory practices, including a legal program whereby complaints are filed with government enforcement agencies and lawsuits are filed with the courts;

        (e)    acts as a local and regional advocate of equal housing opportunities, seeking to educate the public, governmental officials and the housing industry; and

        (f)    conducts fair housing training seminars and other outreach activities in response to requests to educate members of the housing industry about their obligations under the fair housing laws.

6.     BNI brings this complaint on its own behalf, on behalf of its members, employees and associates who have children, and on behalf of all similarly situated families with children who have been denied equal housing opportunities as a result of the discriminatory housing practices described below.

7.     Defendant A & G Management Co., Inc., a Maryland corporation, manages Fox Chase and is responsible for the legal violations set forth below.

8.     Defendant Attman Properties Co., Inc., a Maryland corporation, owns the property known as Fox Chase and is responsible for the acts of its agent, A & G.

## General Allegations

9.     Apartment complexes are permitted by law to discriminate against families with children as long as 80% of their units have as a tenant someone 55 years of age or over.

10.     For an unknown period of time, Fox Chase has placed advertisements in the media and banner signage describing itself as offering "Adult Apartments."

11. This description implies that Fox Chase's tenant selection is open to all tenants that are over the age of majority. See Exhibit A, attached.

12. Because of this tendency, which undermines the operation of a predominantly 55 and over community, the federal Department of Housing and Urban Development has declared this practice to be unlawful. *See* 24 C.F.R. § 100.306(b).

13. Each of defendants' advertisements indicated a preference, limitation or discrimination based on familial status and age and otherwise discriminated against families with children.

14. Defendants' practices permit it to skirt the permits of the senior apartments status and thereby expand the ban on child tenants.

15. Defendants' actions irreparably injure plaintiff.

16. Defendants' advertisements have been widely distributed throughout the State of Maryland.

17. Defendants' discriminatory advertising has discouraged families and other citizens with children from seeking housing so advertised and has steered those with children to other neighborhoods. As a result, defendants' advertisements have:

>a) directly and adversely affected BNI's discrete activities and programs including its counseling and referral programs designed to bring about equality of opportunities in housing in the State of Maryland;
>
>b) directly and adversely affected BNI's discrete activities and programs to promote compliance with federal advertising laws and regulations;
>
>c) forced BNI to devote scarce resources to identify and counteract the defendants' discriminatory advertising

4

practices, thereby draining BNI's resources and diverting resources from BNI's other activities;

d) deprived BNI's members of their right to receive information about housing opportunities in the State of Maryland that is free from discriminatory preferences; and

e) interfered with the rights of BNI's members to live in a neighborhood free of illegal discrimination.

## CAUSE OF ACTION

18. The defendants' practice of making, printing or publishing, or causing to be made, printed or published, advertisements relating to dwellings that indicate preference, limitation, and/or discrimination on the basis of familial status violates plaintiff's rights under the Fair Housing Act of 1968 and as amended in 1988, 42 U.S.C. § 3604(c), and its federal regulations at 24 C.F.R. § 100.306.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

a) Declare defendants' complained-of actions to be in violation of the Fair Housing Act;

b) Enjoin defendants from continuing to discriminate on the basis of familial status;

c) Order defendants to remedy the effects of its discriminatory advertising and to take appropriate steps to bring its advertising in full compliance with the law;

d) award plaintiff appropriate compensatory and punitive damages against defendants;

e) Award plaintiff reasonable attorneys' fees, expenses, and costs; and

  f)  Grant such other relief as may be just and necessary.

              Respectfully submitted,

              /s/
              C. Christopher Brown, Fed. Bar No. 101043
              BROWN, GOLDSTEIN & LEVY, LLP
              120 E. Baltimore Street, Suite 1700
              Baltimore, Maryland  21202
              (410) 962-1030
              ccb@browngold.com

              *Attorney for Plaintiff*

Date:  July 8, 2010